# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-01244-COA

**DAVID LEE LEWIS A/K/A DAVID LEWIS**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/19/2014 |
| TRIAL JUDGE: | HON. JEFF WEIL SR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: ERIN S. PRIDGEN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | ROBERT S. SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF AGGRAVATED ASSAULT AND POSSESSION OF A FIREARM AS A FELON AND SENTENCED TO TEN YEARS FOR AGGRAVATED ASSAULT AND FIVE YEARS FOR POSSESSION OF A FIREARM AS A FELON, WITH THE SENTENCES TO RUN CONSECUTIVELY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED - 04/05/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., FAIR, AND ISHEE, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1.     On October 3, 2013, Lewis was charged with aggravated assault and possession of a firearm by a felon.  After a two-day trial, a Hinds County Circuit Court jury found Lewis guilty of both charges.  He was sentenced to serve ten years in the custody of the Mississippi

Department of Corrections (MDOC) for aggravated assault and five years for possession of a firearm by a felon, with the sentences running consecutively. He appeals, arguing that the exclusion of his testimony unfairly prejudiced him in his ability to adequately prove his claim of self-defense. Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2. Lewis lived with his domestic companion, Kimberly Gaines, sporadically for approximately nine years. During this time, Gaines used drugs in his presence; when Lewis would tell her to stop, Gaines would leave to continue her drug use. On May 11, 2013, when Lewis refused to let her leave, Gaines called her cousin, Patrick McQuirter. According to Lewis, when McQuirter arrived he was high on drugs, although he did not witness McQuirter using drugs. McQuirter attacked Lewis and the two men fell to the ground, causing Lewis to hit his chin on the concrete steps after McQuirter fell on him. McQuirter then got up and walked home. Gaines left the house during the altercation.

¶3. McQuirter explained that he was walking home when Lewis and Lewis's son, Ricco, drove around the corner onto McQuirter's street. According to McQuirter, Lewis then motioned for McQuirter to come to the driver-side window and asked McQuirter why he was "always getting in [their] business." McQuirter responded that Gaines was his cousin and that he had no business putting his hands on a female. McQuirter stated that Lewis then sat for a few seconds before pulling out a gun and shooting McQuirter in the leg. Lewis then drove off and left McQuirter in the street.

¶4. On the other hand, Lewis asserts that, after being attacked by McQuirter, Lewis got into his vehicle by himself and was only driving down McQuirter's street to go to another woman's house. While he was driving, he realized that his head was bleeding, at which point he pulled over and reached for a napkin out of the glove compartment. He noticed a gun in the glove compartment and placed it on the seat beside him. He testified that he did not know there was a gun in the vehicle until he opened the glove compartment. As he drove off, he saw McQuirter standing in the middle of the street, refusing to move. According to Lewis, he was afraid and believed that because McQuirter was high on cocaine, McQuirter would "take his neck off" if he got near him. As McQuirter approached the driver-side window, Lewis grabbed the gun and shot McQuirter in the leg. Lewis testified that if he had not shot McQuirter, he believed McQuirter would have "gotten him." Lewis then drove off and left McQuirter in the street.

¶5. Lewis was found guilty of aggravated assault and possession of a firearm by a felon. He was sentenced to serve ten years for the aggravated assault charge and five years for the charge of possession of a firearm by a felon, with the terms to be served consecutively in the custody of the MDOC. Lewis filed a motion for a judgment notwithstanding the verdict, or, in the alternative, a motion for a new trial, which the trial court denied. Aggrieved, Lewis now appeals.

## DISCUSSION

¶6. Lewis's sole contention on appeal is that the trial court erred in excluding his

testimony, specifically that McQuirter was high on drugs at the time of the assault. The trial court found that the testimony was inadmissable because: (1) Lewis had no personal knowledge of any cocaine use by McQuirter on the day of the incident; (2) Lewis's testimony was speculative and unsupported by any other testimony; and (3) any relevance of the testimony was outweighed by its prejudicial effects. Lewis alleges that the exclusion of this testimony prevented him from adequately portraying his state of mind at the time of the assault, limiting his ability to create a meaningful argument of self-defense.

¶7. This Court will only overturn a trial court's ruling on the admissibility of evidence if it is shown that the trial court abused its discretion. *Peterson v. State*, 37 So. 3d 669, 673 (¶15) (Miss. Ct. App. 2010) (citing *Edwards v. State*, 856 So. 2d 587, 592 (¶12) (Miss. Ct. App. 2003)). Further, "[a] trial judge enjoys a great deal of discretion as to the relevancy and admissibility of evidence," and this Court will not reverse the trial court's ruling "unless the judge abuses this discretion so as to be prejudicial to the accused." *Shaw v. State*, 915 So. 2d 442, 445 (¶8) (Miss. 2005).

¶8. An assault is justifiable on the ground of self-defense when, at the time of the assault, the defendant had "reasonable grounds to apprehend design on the part of the victim to kill, or to do him great bodily harm," and there was an "imminent danger of such design being accomplished." *Anderson v. State*, 571 So. 2d 961, 963 (Miss. 1990). Further, this right of self-defense is forfeited when the defendant is the initial aggressor and "provokes a difficulty, arming himself in advance, and intending, if necessary, to use his weapon and

4

overcome his adversary." *Id*. As Lewis correctly observes, he is entitled to a fair trial, and implicit in that right is a meaningful opportunity to present a complete defense. *Freeman v. State*, 121 So. 3d 888, 895 (¶15) (Miss. 2013) (citing *California v. Trombetta*, 467 U.S. 479, 485 (1984)). Lewis argues that because he was not allowed to testify to his belief of McQuirter's state of intoxication, he was not able to adequately express his state of mind and, thus, he could not adequately argue self-defense.

> *1.     Admissibility of Character Evidence Under Rule 404(a)(2)*

¶9.     A right to argue self-defense is not without its limits when the evidence includes character evidence. Subject to some exceptions, character evidence is not admissible to prove action in conformity therewith. *See* M.R.E. 404; *Newsom v. State*, 629 So. 2d 611, 613 (Miss. 1993). One exception to this general rule is "[e]vidence of a pertinent trait of character of the victim of the crime offered by an accused." M.R.E. 404(a)(2). This exception "specifically authorizes inquiry by a criminal defendant into a victim's character" *after* the defendant "prove[s] that the victim was the initial aggressor." *Newsom*, 629 So. 2d at 613. While older cases recognize that intoxication may be relevant in a self-defense claim, more modern precedent "emphasizes not whether the victim is intoxicated, but the victim's propensity for violence at the time of the crime." *Rouster v. State*, 981 So. 2d 314, 320 (¶17) (Miss. Ct. App. 2007).

¶10.    In other words, while the victim's propensity for violence is a pertinent trait for a self-defense claim, intoxication, by itself, is not. The "purpose of introducing character evidence

5

of the victim's intoxication is to further the defendant's self-defense claim by proving the victim, who had a propensity for violence, became more violent after intoxication." *Id.* Therefore, in order for character evidence of a victim's intoxication to be relevant and admissible, the "defendant must offer evidence of an overt act of aggression perpetrated against him by the victim" and show that the alleged intoxication increased the "victim's propensity for violence at the time of the crime." *Id.* at 319 (¶14). And as always, even if evidence is relevant, it may be excluded if its probative value is substantially outweighed by its prejudicial effects. M.R.E. 403.

¶11. We do not find the Rule 404(a)(2) exception applicable here. In order to avail himself of the Rule 404(a)(2) exception, Lewis must first have shown, at a minimum, some evidence of an overt act of aggression made by McQuirter. Upon review of the record, it is clear that Lewis attempted to introduce evidence of McQuirter's cocaine use well before any overt act of aggression was established. Further, Lewis did not offer any specific testimony explaining how cocaine affects McQuirter's propensity for violence, nor did he offer any testimony explaining cocaine's effects on propensity for violence in general. At best, Lewis's testimony merely infers his contention that McQuirter was more intimidating while he was high on drugs; this contention sheds minimal light, if any, on the effects of cocaine on McQuirter's propensity for violence. Any probative value would be minuscule, while the evidence of illegal drug use could potentially prove highly prejudicial. We do not believe that the trial court abused its discretion when it refused to allow the testimony.

## 2. *Admissibility of Character Evidence Under Rule 404(b)*

¶12.    Lewis's arguement that the evidence of McQuirter's drug use was offered to inform the jury of Lewis's state of mind at the time of the assault is also without merit.  Character evidence may be admissible when evidence of past crimes, wrongs, or acts is offered for a purpose other than proof that a defendant acted in conformity therewith.  M.R.E. 404(b).  The Mississippi Supreme Court has held that "evidence of character[,] and specific acts of the victim toward the defendant, *offered to show the defendant's state of mind*[,] are admissible." *Russell v. State*, 607 So. 2d 1107, 1116 (Miss. 1992) (emphasis added).

¶13.    The Rule 404(b) exception is inapplicable, in large part, for the same reason that the Rule 404(a)(2) exception is inapplicable.  At trial, Lewis did little to explain the relevance of this evidence to his state of mind at the time of the assault.  Lewis simply stated that he believed McQuirter was high on drugs, and that this belief increased his apprehension of harm, offering no explanation for why McQuirter's intoxication made Lewis more fearful.  As such, Lewis's state of mind was never clearly established.  And again, highly prejudicial evidence of illegal drug use outweighed the little probative value Lewis's testimony may have provided.

¶14.    Finally, we note that Lewis did not have firsthand knowledge of McQuirter's alleged cocaine use on the night of the assault; as such, his testimony regarding McQuirter's intoxication was opinion evidence.  Opinion evidence must be based on firsthand knowledge and must be helpful in resolving the issue.  M.R.E. 701 cmt.  Lewis contends that, in the past,

7

he and McQuirter used drugs together for about three years, and this gave him sufficient firsthand knowledge of McQuirter's demeanor while intoxicated. Yet Lewis did not articulate any details just that he "knew when the man was high." Further, as previously mentioned, Lewis's opinion had little relevance to the trial, as evidence of intoxication is only relevant in a claim of self-defense insofar as it supports a previously established propensity for violence.

¶15. We find no error in the trial court's determination that Lewis's testimony was not based on firsthand knowledge, was speculative, and was substantially more prejudicial than probative. We find that the trial court's decision to exclude Lewis's testimony of McQuirter's intoxication on the night of the assault was not erroneous. Therefore, we affirm the conviction and sentence.

¶16. **THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND POSSESSION OF A FIREARM AS A FELON AND SENTENCE OF TEN YEARS FOR AGGRAVATED ASSAULT AND FIVE YEARS FOR POSSESSION OF A FIREARM AS A FELON, WITH THE SENTENCES TO RUN CONSECUTIVELY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR. GREENLEE, J., NOT PARTICIPATING.**